IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KISANO TRADE & INVEST LIMITED and TRASTECO, LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs | ) ) | Civil Action No.  11-852 Judge Schwab |
| DEV LEMSTER and STEEL EQUIPMENT CORP., | ) ) ) | Magistrate Judge Mitchell |
| Defendants. | ) | |

MEMORANDUM ORDER

On September 5, 2011, Defendants, Dev Lemster and Steel Equipment Corp., filed a motion to stay, arguing that Plaintiffs Kisano Trade & Invest Limited (a Cypriot corporation) and Trasteco Ltd. (a Maltese LLC) had failed to obtain a "certificate of authority" from the Pennsylvania Department of State pursuant to 15 Pa. C.S. § 4121(a) and thus cannot maintain this case until they do so, 15 Pa. C.S. § 4141(a).  The state law requirement would apply even in federal court to state law claims.  See Empire Excavating Co. v. Maret Dev. Corp., 370 F. Supp. 824 (W.D. Pa. 1974).

Plaintiffs have filed a response to this motion, in which they argue that: 1) the statute expressly excludes its application to foreign corporations that are "transacting any business in interstate or foreign commerce," 15 Pa. C.S. § 4122(a)(9), which covers them; and 2) if the statute did not contain this exception, it would be unconstitutional as a violation of the Commerce Clause, as the United States Supreme Court held in Allenberg Cotton Co. v. Pittman, 419 U.S. 20 (1974); see also Arab African Int'l Bank v. Epstein, 10 F.3d 168, 173 (3d Cir. 1993) ("a state 'door closing' statute may not impede a diversity action concerning interstate or foreign

commerce") (citation omitted).

  Having reviewed the allegations of the complaint, it is clear that the Kisano/Winding Gulf and Trasteco/Winding Gulf coal contracts, pursuant to which Defendants allegedly provided advice and obtained secret commissions as Plaintiffs' agents, involved transactions in "interstate or foreign commerce," including Pennsylvania (where Defendants are based and provided advice), Cyprus (where Kisano is organized), Malta (where Trasteco is organized), Ukraine (where Kisano and Trasteco maintained their principal place of business, Mr. Svishchov was located and the coal was to be shipped), North Carolina (where Winding Gulf maintained its principal office), Virginia (where the coal was to be delivered), and West Virginia (where Winding Gulf was organized and the coal sourced).  Thus, § 4122(a)(9) applies and Plaintiffs do not have to obtain a certificate of authority in order to maintain this suit.

  Defendants cite <u>Hoffman Construction Co. v. Erwin</u>, 200 A. 579 (Pa. 1938), in which an out-of-state contractor sued on a contract related to sending his agents and employees to supervise and do landscaping, grading and road construction in Pennsylvania over a four-month period and the court held that this activity was sufficient to constitute "conducting its corporate business in the state" or "having part of its capital invested in the state." <u>Id.</u> at 580.  However, <u>Hoffman</u> concerned a prior statute that did not contain an exception for interstate commerce and was decided before <u>Allenberg</u>.

  Defendants also cite numerous acts in Pennsylvania by Lemster and SEC (meetings, calls and communications), as agents for Kisano and Trasteco, to support an argument that Plaintiffs' business in Pennsylvania was "localized." However, the factors to be considered in determining whether a foreign corporation's business is "localized" are "the permanence and scope of [the]

relationships between the foreign corporation and the forum state" and "whether the intrastate transaction is an essential element of the interstate transaction." Arab African, 10 F.3d at 173 (quoting S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1511 (11th Cir. 1990)).

Plaintiffs contend that they had no offices in Pennsylvania, purchased no coal from Pennsylvania, sold no coal in Pennsylvania or did anything in Pennsylvania other than receiving advice by email and telephone from Defendants related to transactions in interstate and foreign commerce. Defendants focus on activity by them (that is Lemster and SEC) as agents of Kisano and Trasteco. Even by Defendants' own characterization, however, all of the activity engaged in by Lemster and SEC in Pennsylvania was "integral to" the foreign sale of metallurgical coal by Kisano and Trasteco and thus their business in Pennsylvania was not "localized."

AND NOW, this 19th day of September, 2011,

IT IS ORDERED that the a motion to stay (ECF No. 15) filed on behalf of the defendants is denied.

                                                s/Robert C. Mitchell
                                                ROBERT C. MITCHELL
                                                United States Magistrate Judge