IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KISANO TRADE & INVEST LIMITED and  )
TRASTECO, LTD.,                    )
      Plaintiffs,                )
                                   )
vs                                 )   Civil Action No. 11-852
                                   )   Judge Conti
DEV LEMSTER, et al.,               )   Magistrate Judge Mitchell
      Defendants.                )

## REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the Emergency Motion to Stay (Doc. No. 69) Order on Motion for Preliminary Injunction During Pendency of Appeal (ECF No. 80) and the Emergency Motion to Stay (Doc. No 70) Order on Motion for Preliminary Injunction During Pendency of Appeal (ECF No. 81), filed on behalf of Defendant Akiva Sapir be denied.

II.    Report

Presently before the Court for disposition are two motions to stay filed by Defendant Akiva Sapir, an Emergency Motion to Stay (Doc. No. 69) Order on Motion for Preliminary Injunction During Pendency of Appeal (ECF No. 80) and an Emergency Motion to Stay (Doc. No 70) Order on Motion for Preliminary Injunction During Pendency of Appeal (ECF No. 81). The first order enjoined him from dissipating assets in Credit Suisse and Union Bank of Switzerland account as well as an apartment in Monaco. The second order enjoined him from dissipating any assets he holds in the United States. Both motions seek to stay enforcement of the injunctions pending his appeal to the United States Court of Appeals for the Third Circuit. For the reasons that follow, both motions should be denied.

At the hearing on July 5, 2012, Sapir essentially raised the same arguments he raised in opposition to the motions for equitable relief before Judge Schwab, who held a hearing on the motions for equitable relief and granted them on June 21, 2012. In seeking a stay of those orders, a movant under Federal Rule of Civil Procedure 62(c) must in essence demonstrate that the same factors which the Court applied in issuing a preliminary injunction as set for in Rule 65 apply to him. Thus:

> the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (citations omitted). See also AARP v. E.E.O.C., 390 F. Supp. 2d 437, 462 (E.D. Pa. 2005). The party seeking such relief is "deemed to bear a very heavy burden of persuasion." F.T.C. v. Equitable Resources, Inc., 2007 WL 1500046, at *1 (W.D. Pa. May 21, 2007) (Schwab, J.) (citations omitted).

Following the hearing before him on June 21, 2012, Judge Schwab concluded that Plaintiff Vadim Shulman had established that he was likely to prevail on the merits of his claim; that he would likely suffer irreparable harm if Sapir is able to dissipate the assets which are the subject of the injunction and which might be the only ones available to satisfy a possible judgment against him; that the balance of the equities of harm weighed in favor of the Plaintiff; and that the public interest would be best served by the granting of equitable relief (ECF No. 69 and by incorporation in ECF No. 70).

No additional evidence was presented at the hearing on July 5, 2012 or in the briefs submitted prior to the hearing that would disturb the balance as determined by Judge Schwab, and thus there are no grounds upon which to stay his determination. Rather, Sapir is arguing that

the Court erred in granting the injunctions. That legal issue is currently before the Court of Appeals for resolution and does not provide a basis for this Court to stay the injunction. Accordingly, it is recommended that Sapir's motions be denied.

For these reasons, it is recommended that the Emergency Motion to Stay (Doc. No. 69) Order on Motion for Preliminary Injunction During Pendency of Appeal (ECF No. 80) and the Emergency Motion to Stay (Doc. No 70) Order on Motion for Preliminary Injunction During Pendency of Appeal (ECF No. 81), filed on behalf of Defendant Akiva Sapir be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within the time specified in the Notice of Electronic Filing. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will waive the right of appeal.

Respectfully submitted,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: July 9, 2012