IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KISANO TRADE & INVEST LIMITED, TRASTECO, LTD., and VADIM SHULMAN, Plaintiffs, vs DEV LEMSTER, STEEL EQUIPMENT CORP., AKIVA SAPIR, and SAPIR ENTITIES 1-100, Defendants. | Civil Action No. 11-852 |

Conti, District Judge.

MEMORANDUM OPINION AND ORDER

This case, alleging federal RICO and state law claims, was originally filed on June 28, 2011 (ECF No. 1) by Kisano Trade & Invest Limited ("Kisano"), a Cypriot corporation, and Trasteco, Ltd. ("Trasteco"), a Maltese LLC, against Pennsylvania citizen Dev Lemster and his company, Steel Equipment Corp. ("SEC"). On May 11, 2012, an amended complaint (ECF No. 47) was filed by Kisano, Trasteco and Vadim Shulman ("Shulman"), an Israeli citizen who lives in Monaco. In addition to Lemster and SEC, the amended complaint names as defendants Akiva Sapir ("Sapir"), an Israeli citizen, and certain entities which Sapir allegedly owns or controls, referred to as Sapir Entities 1-100. The amended complaint alleges that the defendants – primarily Sapir – defrauded Shulman and his companies in a number of business transactions between 2001 and 2008 by engaging in certain business deals as Shulman's agent, but falsely reporting much higher purchase prices so as to obtain "secret profits" from the deals.

On August 27, 2012, Sapir filed a motion to dismiss on the grounds of forum non conveniens (ECF No. 115), in which he requested that the complaint be dismissed and refiled in Israel, where it more properly belongs. On that same date, Sapir also filed a motion to dismiss

for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 117), in which he argued that the case should be dismissed for several reasons: 1) Shulman lacks standing to bring certain claims; 2) the claims based on the alleged New York Real Estate Fraud were already settled; 3) some of the claims are untimely under the applicable statutes of limitations;  4) the unjust enrichment claim is improper;  and 5) no claim can be stated under the Pennsylvania statute regarding fraudulent transfers with respect to present creditors.

On December 17, 2012, the magistrate judge filed a Report and Recommendation (ECF No. 152) ("R&R"), which recommended that the motion to dismiss on the ground of forum non conveniens be granted and that the case be dismissed with the understanding that it could be refiled in Israel and that the defendants would waive certain statute of limitations defenses.  The R&R did not address Sapir's other motion to dismiss because the magistrate judge concluded that it was appropriate to address the forum non conveniens issue first and, since the motion should be granted, the other motion could be addressed – if appropriate – by the court in Israel.

Service of the R&R was made on the parties, and the plaintiffs filed objections (ECF Nos. 157, 160) on January 3, 2013.  On January 17, 2013, Sapir filed a response to the objections (ECF Nos. 172, 173).

In addition, the magistrate judge entered an order (ECF No. 151) denying a motion filed by the plaintiffs (ECF No. 147), in which they requested that the court strike from the record a declaration by Dr. Jacob Luboshitz regarding Sapir's health and difficulty traveling that was attached to Sapir's reply brief in support of the forum non conveniens motion (ECF No. 144-10). The plaintiffs filed objections (ECF Nos. 155, 156) to the magistrate judge's order denying this motion, to which Sapir responded (ECF Nos. 169, 170), and the plaintiffs filed a reply brief (ECF

2

No. 175). Finally, on January 4, 2013, the plaintiffs filed a document entitled "Motion to Instruct Magistrate Judge to Issue a Report Pursuant to Fed.R.Civ.P. 72(b)." (ECF No. 159.) Sapir responded to this motion on January 17, 2013 (ECF No. 174). All these motions are ripe for disposition.

First, with respect to the plaintiffs' motion to instruct the magistrate judge to issue a report and recommendation on Sapir's other motion to dismiss (and to do so within twenty days), it is noted that they cite no authority in support of this extraordinary suggestion. The plaintiffs acknowledge that, pursuant to Sinochem International Co. v. Malaysia International Shipping Corp., 549 U.S. 422 (2007), federal courts have discretion to determine the order in which to decide threshold motions. Nevertheless, they contend that this holding applies only to district court judges, whereas magistrate judges are required to submit reports and recommendations on all motions that have been referred to them. In support of this remarkable proposition, the plaintiffs cite only Federal Rule of Civil Procedure 72(b), which provides that "[t]he magistrate judge must enter a recommended disposition." Fed.R.Civ.P. 72(b)(1).[1] They have not explained how this procedural rule overrules the Supreme Court's holding in Sinochem and requires magistrate judges to expend time and resources to issue multiple reports and recommendations, even when a single report would be sufficient to resolve the issues in the case. By contrast, Sapir cites several decisions in which magistrate judges issued reports and recommendations on forum

---

[1] The argument appears to be based on the faulty premise that the undersigned "ordered" the magistrate judge to issue reports and recommendations on both dispositive motions. In fact, the motions were "referred" to magistrate judge automatically by this court's Electronic Case Filing System. When a case is referred to a magistrate judge for pretrial proceedings, all motions on the case are referred to that magistrate judge. This referral procedure is demonstrated by the docket entry for the motion to "instruct" the magistrate judge to issue a report, which itself reads "Motion(s) referred to Robert C. Mitchell" (ECF No. 159 docket entry). By the plaintiffs' logic, the magistrate judge is to "instruct" himself to issue a report.

3

non conveniens motions and did not address other arguments once they found the forum non conveniens motion to be dispositive.  See Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd., No. A-11-CA-1057, 2013 WL 56151, at *3 (W.D. Tex. Jan. 3, 2013); Genetic Techs. Ltd. v. Agilent Techn., Inc., Civil Action No. 11-cv-01389, 2012 WL 1060040, at *1 (D. Colo. Mar. 28, 2012); Snee v. Sunrise Props. Ltd., No. 06-80614-CIV, 2009 WL 2163179, at *5 (S.D. Fla. July 17, 2009).

In this case, the magistrate judge entered a recommended disposition, namely that the motion to dismiss on the grounds of forum non conveniens be granted.  This recommendation is sufficient to resolve the issues in this case and no further reports are necessary.

Second, the plaintiffs objected to the magistrate judge's order denying the motion to strike Dr. Luboshitz's declaration.  In connection with the motion to dismiss on forum non conveniens grounds, Sapir submitted his own declaration, in which he stated that he has been diagnosed with antiphospholipid syndrome (APS), a serious blood clotting disorder that would be exacerbated by the long flight to the United States, and indicated that his specialist, Dr. Luboshitz, had ordered him not to take any flights for at least a year because of the risk that he would develop deep vein thrombosis or pulmonary embolisms.  (ECF No. 119-1 ¶¶ 9-13.) Attached to Sapir's declaration was a letter from Dr. Luboshitz briefly outlining his treatment of and recommendations regarding Sapir.  (ECF No. 119-1 at 18.)  In response, the plaintiffs argued that Sapir could not diagnose himself and that Dr. Luboshitz's letter should be disregarded because: 1) it had not been authenticated pursuant to Federal Rule of Evidence 901(a); 2) it was hearsay not subject to the Federal Rule of Evidence 803(6) business record exception because it was not made contemporaneous with an examination or in the course of regularly conducted

business activity; and 3) it was not a declaration made under penalty of perjury pursuant to 28 U.S.C. § 1746.  After Sapir indicated that he did not have the authority to compel Dr. Luboshitz to submit to a deposition, the plaintiffs had Sapir examined in Israel by another doctor, David Varon. Dr. Varon did not disagree with Dr. Luboshitz's diagnosis that Sapir has APS, but he concluded that air travel, particularly shorter flights, should not be precluded.  (ECF No. 138-2 Ex. 14.)  In addition, the plaintiffs submitted a report from Dr. Marc Alpert, a physician in the United States, who reviewed Dr. Luboshitz's letters and medical summary and concluded that "Dr. Luboshitz lacks a proper medical basis for restricting Mr. Sapir's air travel." (ECF No. 138-2 Ex. 15 at 3.)

      Attached to Sapir's reply brief was a declaration of Dr. Luboshitz, in which he stated that he was greatly offended by the doubts expressed by Drs. Varon and Alpert concerning his medical recommendations for Sapir.  He stated: 1) all the medical treatments and the writing of letters was performed in the context of his activities in public medicine, as part of his position with the Ministry of Health, and he had not and would not receive any form of remuneration for the letters he wrote for Sapir; 2) he wrote letters to Sapir's family doctor as a matter of his usual practice, to coordinate care and keep the family doctor informed; 3) he wrote the letter dated October 11, 2012 to correct inaccuracies in his letter of August 15, 2012, which was written without reviewing his notes and to clarify that he did not request any additional testing in the year 2012 because he felt that such testing was unnecessary and would only have caused problems for Sapir when he attempted to have them covered by insurance; 4) there was no question that Sapir has APS and has suffered DVTs and that he falls within the highest risk category (defined as Triple APS) for suffering a recurring pulmonary embolism even during treatment with anti-

5

coagulation drugs; 5) he continued to hold the medical opinion that Sapir should abstain from any flights until June 2013 and considered it very likely that, when he reevaluates Sapir at that time, he will extend the prohibition on flights for at least another year; and 6) this recommendation was adopted unanimously by the attending medical staff members at the Thrombosis and Haemostasis Clinic.  (Luboshitz Decl. ¶¶ 5-14 & Exs. 4-5.)  He further stated that the alternative travel arrangements suggested by Shulman's representatives are unacceptable, as the splitting of flights would lead to the prolonging of Sapir's stay in conditions of dryness and hypoxia and that they would involve weeks of travel and long periods of stress and confinement that would present unacceptable risks to Sapir's health.  (Luboshitz Decl. ¶¶ 33-34.)

The plaintiffs' objection is based, in part, on the magistrate judge not providing reasons for denying the motion to strike Dr. Luboshitz's declaration.  As noted by Sapir in his response, however, no exposition of reasons is required regarding a nondispositive motion on a discovery dispute.  In addition, the reasoning was articulated in the R&R: contrary to the plaintiffs' unsupported assertions, this court, in its consideration of the forum non conveniens motion, is not limited solely to admissible evidence.  See Mujica v. Occidental Petroleum Corp., 381 F. Supp. 2d 1134, 1143 n.4 (C.D. Cal. 2005).  Plaintiffs argue that Mujica did not concern a factual medical dispute, but that is a distinction without a difference.

The plaintiffs cite Pandigital v. DistriPartners B.V., No. C 12-01588, 2012 WL 6553998, at *1 n.1 (N.D. Cal. Dec. 14, 2012), in which the court noted that it "has not relied on any inadmissible evidence" in deciding the defendant's motion to dismiss on the ground of lack of personal jurisdiction or forum non conveniens.  The court, however, did not hold that forum non conveniens motions must be supported by admissible evidence and the decision contains no

analysis of this issue.  As explained in the R&R, a motion to dismiss on the ground of forum non conveniens is a threshold issue and requiring admissible evidence is not necessary at this stage of the proceedings.  The Supreme Court has stated that "the district court's inquiry does not necessarily require extensive investigation, and may be resolved on affidavits presented by the parties."  Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988).  The Court of Appeals for the Third Circuit has applied this principle in other contexts.  See Delta Air Lines, Inc. v. Chimet, S.p.A., 619 F.3d 288, 299-300 (3d Cir. 2010) (rejecting argument that defendants seeking forum non conveniens dismissal must submit affidavits identifying the witnesses they would call and the testimony they would provide if the trial were held in the alternative forum).  Thus, this court can review Dr. Luboshitz's declaration in the context of a forum non conveniens motion.

  Moreover, the plaintiffs did not demonstrate that Sapir was "playing fast and loose" with the court, which would invoke the doctrine of judicial estoppel, when he contended that he had no ability to compel Dr. Luboshitz to attend a deposition and Dr. Luboshitz subsequently submitted his declaration.  There is no inconsistency between these events.  Dr. Luboshitz, Sapir's treating physician who resides in Israel, is a third party, not an expert witness who can be compelled to offer testimony or produce evidence beyond the subpoena power of this court.  See Johnson v. Forest Oil Corp., Civil Action No. G-06-cv-122, 2006 WL 1751802, at *1 (S.D. Tex. June 22, 2006); In re Consolidated Parlodel Litig., 22 F. Supp. 2d 320, 324 (D.N.J. 1998).  Dr. Luboshitz explained that he submitted the declaration of his own accord because he was offended by the attempt of the plaintiffs' counsel to hire a doctor in Israel to examine quickly Sapir and dispute his medical judgment that Sapir cannot safely travel by aircraft to the United States from Israel because of his APS. (Luboshitz Decl. ¶ 4.)  The plaintiffs argue that this statement "defies

7

credulity because no disinterested doctor in Israel would ever on his own prepare a sworn English language declaration under penalty of perjury under U.S. law attaching exhibits; this evidences a prejudicial motive by Dr. Luboshitz to help Sapir and highlights its inadmissibility under F.R.E. 701 and 702." (ECF No. 175 at 3.) As with many of their contentions, this circular argument sheds no light on the issue. The plaintiffs' objections to the order denying the motion to strike are overruled.

Third, the court now turns to the plaintiffs' objections to the R&R. It is noted that they filed thirty-one pages of objections to the thirty-six page R&R. The court will not address in detail all the arguments, most of which were presented in the briefing and appropriately resolved by the magistrate judge.

The plaintiffs argue that the magistrate judge erred in the R&R by concluding that Israel was an adequate alternative forum because Dev Lemster is not subject to process there and his stipulation to submit to the jurisdiction of the Israeli courts constitutes "reverse forum shopping." The plaintiffs state that they "have found no cases which permit resident defendants to volunteer an alternative forum which otherwise would have no jurisdiction over them because they believe it more advantageous to be sued there." (ECF No. 160 at 8.) Again, the plaintiffs appear to be proceeding from a faulty premise, namely that all defendants must be "otherwise" amenable to process in the proposed alternative forum based on their activities, or else they cannot consent to jurisdiction in the alternative forum. There is no support for this contention.

Sapir pointed to decisions that address this issue. See, e.g., Kempe v. Ocean Drilling & Exploration Co., 876 F.2d 1138, 1140 (5th Cir. 1989) (Delaware and Louisiana corporations consented to submit to jurisdiction in Bermuda). In Piper Aircraft Co. v. Reyno, the Supreme

8

Court noted that both Piper Aircraft Co., a Pennsylvania airplane manufacturer, and Hartzell Propeller, Inc., an Ohio propeller manufacturer, had agreed to submit to the jurisdiction of the Scottish courts, thereby making Scotland an alternative forum.  454 U.S. 235, 239, 242 (1981).  In addition, Sapir submitted the declaration of an Israeli lawyer that Lemster and his company are amenable to process in Israel (ECF No. 119-5 ¶ 21), and the plaintiffs cited no authority to the contrary.  This objection is overruled.

Next, the plaintiffs argue that the magistrate judge erred in the R&R by failing to accord Shulman (an Israeli citizen living in Monaco) the same deference owed to a United States citizen, citing Blanco v. Banco Industrial de Venezuela, S.A., 997 F.2d 974 (2d Cir. 1993), which appears to accord additional deference to foreign plaintiffs when the United States has an "equal access" treaty with their country.  In the R&R Sinochem is cited for the proposition that, when a plaintiff's choice is not its home forum, "the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate in such cases is less reasonable," 549 U.S. at 430.  The plaintiffs contend that this citation was "inapposite" because no treaty was at issue in Sinochem.  The plaintiffs, however, missed the point, which is that neither the Supreme Court nor the Third Circuit Court of Appeals has recognized the "treaty" argument.

> Most federal courts, including the Supreme Court, seem to agree that the plaintiff's selection of a forum is entitled to less deference when the plaintiff or real parties in interest are not United States citizens, although, as some of the many cases cited in the note below indicate, a modicum of deference to a choice by such a party is appropriate.  In theory, international treaty obligations promising "equal access to courts" should increase the level of deference accorded to a foreign plaintiff's forum choice. However, in practice, federal courts generally hold that these treaties do not entitle foreign plaintiffs to the same deference as United States citizens; in a related vein several courts, reasoning that residency and not citizenship is the touchstone of the deference analysis, have held

> that the treaty obligation of equal access for foreign plaintiffs requires only that the lesser deference be accorded to expatriate United States citizens.

14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3828.2 at 653-58 (3d ed. 2007) (emphasis added).

Applying the standard generally followed results in the plaintiffs' choice of forum being given a modicum (meaning a small amount) of deference, but not great deference. In the R&R a small amount of deference – low deference – was given to the plaintiffs' choice of forum and the magistrate judge did not err in doing so.

The plaintiffs contend that they have made a strong showing of convenience in this forum, citing: 1) Shulman's dealings with Lemster in Pennsylvania; 2) key witnesses being Americans who speak English and documents being in English rather than Hebrew; 3) Shulman's extensive business dealings in the United States; and 4) the knowledge of his attorneys. The plaintiffs represent that the choice of this forum was not motivated by forum shopping for RICO treble damages and contend that Sapir's motion is motivated by reverse forum shopping. Finally, they offer to stipulate that they will not enforce any RICO judgment beyond the base amount if Sapir agrees to pay it within thirty days of entry.

In response, Sapir argues: 1) wiring money to Lemster and communicating with him from overseas does not establish connections with this forum and the focus should be on the activities of the plaintiffs, not those of the defendants; 2) Shulman's business dealings are all in the past and to the extent he cites locations other than this forum (Ohio, New York, North Carolina) they are not as significant; 3) Shulman inconsistently argued in a case in the Southern District of West Virginia it would "impose an unfair and severe burden on [him] to personally

10

defend claims in a remote forum in a foreign language" (ECF No. 119-1 ¶ 22 & Ex. 3); 4) Israeli courts do not need to have English documents translated into Hebrew; 5) the plaintiffs are forum shopping and their counsel's propensity for filing RICO claims in federal court on behalf of foreign clients to obtain treble damages is so widespread that it has been reported in the media (ECF No. 144-4);  and 6) reverse forum shopping is not part of forum non conveniens analysis. With respect to the offer by Shulman not to seek treble damages if Sapir pays the judgment within thirty days, Sapir contends this offer represents another attempt by Shulman to wield RICO as a weapon to compel him to forgo his due process right to appeal or face treble damages.

      The plaintiffs argue that the magistrate judge in the R&R erred by focusing on connections with this forum rather than the United States as a whole, citing <u>Wilson v. Island Seas Investments, Ltd.</u>, 590 F.3d 1264, 1271 (9th Cir. 2009), and <u>Mercier v. Sheraton International, Inc.</u>, 935 F.2d 419, 429 (1st Cir. 1991).  Sapir responds that the magistrate judge properly relied on <u>Windt v. Qwest Communications International, Inc.</u>, 529 F.3d 183, 191 (3d Cir. 2008), for the proposition that the relationship between the United States and a case should generally be considered, but when there are no significant connections between the plaintiffs, who are outside the forum, but within the United States, less deference to plaintiffs' selection of forum is required.

      The court concludes that the plaintiffs' objections are without merit.  They have not identified extensive business dealings by Shulman in this forum and to the extent that his past dealings occurred in other locations within the United States, they are less relevant.  The focus in the R&R on the few connections with this forum is proper; Shulman's past business dealings in other parts of the United States is not as relevant.  Shulman's position in the West Virginia case

that it would be an unfair and severe burden on him to defend personally claims in a remote forum in a foreign language undermines his present contention that litigation in this forum makes for a strong showing of convenience to him.  The plaintiffs continue to argue that documents would have to be translated into Hebrew if the case were filed in Israel, but cite no authority in support of this argument.  On the other hand, Sapir submitted the declaration of an Israeli lawyer that the documents would not have to be translated. (ECF No. 119-5 ¶ 37; ECF No. 144-11 ¶¶ 2, 7.)  The plaintiffs also continue to argue about the convenience of this forum to them based upon the knowledge of their counsel, even though they were made aware of authority that the convenience of a plaintiff's counsel is not a relevant factor.  Miller v. Boston Scientific Corp., 380 F. Supp. 2d 443, 450 (D.N.J. 2005).

      The R&R did not address whether the plaintiffs forum shopped by filing RICO claims here.  This court does not find this issue to be particularly relevant to the analysis and need not address the purpose or effect, if any, of the offer to enforce only the base amount of any RICO recovery if Sapir pays it within thirty days of entry.

      The plaintiffs argue that the magistrate judge in the R&R erred in applying the private factors of access to evidence and availability of witnesses and in failing to apply the "oppressiveness and vexation" standard.  Specifically, they contend:  1) all documents are in English; 2) key third-party witnesses are in the United States; 3) Sapir's witnesses are either neutral (because they live outside Israel), available, immaterial, or may be deposed under the Hague Convention; 4) Sapir did not demonstrate that he cannot travel here by airplane for trial

and the plaintiffs offered to waive a jury trial so that Sapir can be judged by a video conference;[2] 5) the family witnesses did not demonstrate that they cannot travel; and 6) the miscellaneous witnesses are irrelevant because Shulman does not recollect talking to them or they could be produced by video deposition, appear at trial by video conference, or their testimony could be preserved under the Hague Convention.

      Sapir responds that it is not yet known whether all documents are in English and in any event plaintiffs admitted that the relevant documents are under their control and even if the case were filed in Israel it would not be necessary to translate them into Hebrew. Sapir argues that the issue in this case is not whether Sapir purchased assets for $6.6 million and sold them for $13.5 million (he admits as much), but whether he kept the transactions "secret" from Shulman. Sapir contends that the witnesses with knowledge of this issue are not Shulman's witnesses to the payments, but Sapir's witnesses who are not available in the United States and do not speak English. Sapir's witnesses are available in Israel or live closer to Israel than the United States. He asserts the plaintiffs make no argument that trial in the United States would be more convenient for them (only for third-party witnesses); and that he presented sufficient evidence of his medical condition and the severe difficulties he would have traveling here.

      The court concludes that the plaintiffs' objections are without merit. In <u>Base Metal Trading SA v. Russian Aluminum</u>, 253 F. Supp. 2d 681, 711 (S.D.N.Y. 2003), <u>aff'd</u>, 98 F. App'x 47 (2d Cir. 2004) (a case in which plaintiffs were represented by, inter alia, Marks & Sokolov – the same counsel that represents the plaintiffs here), the plaintiffs contended that the case should

---

[2] It is noted, however, that in the objections to the consideration of the public factors discussed in the R&R, the plaintiffs contend that a United States jury has an interest in protecting Shulman, as he is to be considered the equivalent of a United State citizen based on the "treaty" argument referred to above.

remain in the United States because they alleged laundering of funds through American banks, but the court concluded that testimony from bank officials was not necessary to document the transfer of funds.  Similarly, Sapir contends, the plaintiffs' proposed witnesses here would testify about basic facts that are not in dispute, while his proposed witnesses are relevant to the central issue in this case, namely whether Sapir kept his activities "secret" from Shulman.  The plaintiffs did not argue that a trial in the United States would be more convenient for them.  Shulman is an Israeli citizen who lives in Monaco, Kisano is a Cypriot company, and Trasteco is a Maltese LLC.

As discussed above, the court will not strike the declaration of Dr. Luboshitz and it is sufficient to satisfy Sapir's threshold burden of proffering evidence that traveling to this forum would present a severe difficulty for him.  The plaintiffs' offer to waive a jury trial does not alter this result because a party has the right to be present even if the trial is a bench trial.  See Lane v. Tenn., 315 F.3d 682, 682 (6th Cir. 2003) ("Parties in civil litigation have [a] . . . due process right to be present in the courtroom and to meaningfully participate in the process unless their exclusion furthers important government interests.").  It is not necessary for the court to hold a hearing on this threshold issue.  Conversely, if a hearing were necessary, live, in-person testimony would be preferable because the credibility of witnesses would be critical.  Sapir's witnesses either live in Israel or far closer to Israel (Switzerland, England, Ukraine, Malta) than to this forum.  See Alfadda v. Fenn, 159 F.3d 41, 47 (2d Cir. 1998) (forum non conveniens dismissal appropriate because, inter alia, it would be easier for Saudi Arabian plaintiffs to travel to France than to New York).  The plaintiffs' proposal to have Sapir's twenty foreign witnesses, many of whom do not speak English, appear by deposition under the Hague Convention is not as

preferable as having them present their live testimony: "[T]o fix the place of trial at a point where litigants cannot compel personal attendance of witnesses and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." Gulf Oil Co. v. Gilbert, 330 U.S. 501, 511 (1947); see Interface Partners Int'l Ltd. v. Hananel, 575 F.3d 97, 105 (1st Cir. 2009) (defendant identified twenty-nine witnesses he intended to call in Israel and their ability to provide live testimony there, but only video testimony or live videoconferencing in the United States, and this weighed strongly in favor of forum non conveniens dismissal); Kultur Int'l Films Ltd. v. Covent Garden Pioneer, FSP, Ltd., 860 F. Supp. 1055, 1067-68 (D.N.J. 1994) (videotaped deposition of key witness to breach of contract and tort case would not be an acceptable substitute for his live testimony, which could not be compelled in the United States, but could be compelled in England, and this weighed in favor of forum non conveniens dismissal).

The plaintiffs argue that the magistrate judge in the R&R failed to analyze properly the public factors because: 1) there is no court congestion in this forum; 2) there is a strong federal interest in allowing United States citizens (including Shulman, who is equivalent to a United States citizen pursuant to an "equal access" treaty) access to federal courts to resolve their disputes; 3) federal law and Pennsylvania law apply to the claims and it was error for the magistrate judge in the R&R to omit discussion of this factor; 4) a jury of United States citizens has an interest in protecting Shulman's rights; 5) the locus of culpable conduct is in Pennsylvania; and 6) substantial resources have been invested in this case to date.

Sapir responds: 1) the court does not have to find that the public factors alone weigh heavily in favor of dismissal, only that the public and private factors together do; 2) Pennsylvania

is not the locus of culpable conduct considering that he negotiated and concluded all agency and other agreements at issue with Shulman in Israel and Shulman does not contend otherwise; 3) there is little local interest in this case and no special treatment for RICO claims; 4) the court does not have to apply a choice of law analysis; and 5) the case has not substantially proceeded.

The court concludes that the plaintiffs' objections are without merit. The public factors do not have to weigh heavily in favor of dismissal; rather, the "balance" of private and public factors is what matters. Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180-81 (3d Cir. 1991). There is little local interest in this case and RICO claims receive no special treatment. Windt, 529 F.3d at 193-94. It is not critical to perform a choice of law analysis in order to resolve this motion, and the issue is more complicated than the plaintiffs suggest because the alleged agency which Shulman contends Sapir abused was not formed in Pennsylvania or anywhere in the United States. Moreover, if Israeli law applied, this factor would favor dismissal. Lacey, 932 F.2d at 188. Even if Pennsylvania law applied, that factor alone would not control the outcome. See Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 162 (3d Cir. 2010) (affirming forum non conveniens dismissal even where the underlying contracts were governed by Delaware law because the litigation was focused on the French defendants' alleged breaches of contract and fiduciary duties, which occurred in France). Finally, the magistrate judge, who has handled this case since its inception, observed that little progress has taken place, especially since the amended complaint was filed and Sapir was made a party. The plaintiffs did not argue, much less demonstrate, that this observation constituted an abuse of discretion.

The court already addressed and rejected the plaintiffs' contentions that Shulman should be considered the equivalent of a United States citizen based on a treaty and that Pennsylvania is

the locus of culpable conduct.  Therefore, based upon a review of the R&R, the record and the objections, the court concludes that the plaintiffs' objections are without merit and are overruled.

**ORDER**

AND NOW, this 15th day of February, 2013,

IT IS ORDERED that the objections (ECF Nos. 155, 156) submitted by plaintiff Vadim Shulman to the order denying his motion to strike (ECF No. 147) the declaration of Dr. Luboshitz are overruled.

IT IS FURTHER ORDERED that the Motion to Instruct Magistrate Judge to Issue a Report Pursuant to Fed.R.Civ.P. 72(b), submitted by plaintiff Vadim Shulman (ECF No. 159), is denied.

IT IS FURTHER ORDERED that that the motion to dismiss on the ground of forum non conveniens (ECF No. 115) filed on behalf of defendant Akiva Sapir, is granted with the understanding that the case may be refiled in Israel and that the defendants waived certain statute of limitations defenses.  Magistrate Judge Mitchell's Report and Recommendation dated December 17, 2012 (ECF No. 152) is adopted as the opinion of the court, as supplemented by the instant Memorandum Opinion and Order.  The clerk shall mark this case closed.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge